C.L., Appellant/Father

v.

Z.M.F.H., now known as Z.A., Appellee.

Superior Court of Pennsylvania.

Argued Jan. 25, 2011.

Filed March 17, 2011.

Rochelle L. Bosack and Robert S. Bell, Indiana, for appellant.

Melissa M. Gormly, Indiana, for appellee.

BEFORE: ALLEN, OLSON, and COLVILLE *, JJ.

OPINION BY ALLEN, J.:

C.L. ("Father") appeals the order dated July 15, 2010, and entered on July 20, 2010, in the Indiana County Court of Common Pleas, which declined jurisdiction over a custody dispute and dismissed Father's custody petition. We affirm.

Father and Z.M.F.H. ("Mother") married on April 17, 1997. They are the parents of two children, Z.F.H.L. (d.o.b. 6/11/99) and C.S.F.H.L. (d.o.b. 7/27/05) (collectively "Children"). From 2002 until 2004, Mother, Father, and Z.F.H.L. resided on the Pine Ridge Reservation in South Dakota. In 2004, the family relocated to Rushville, Nebraska, where C.S.F.H.L. was born.

Father and Mother separated in August or September of 2006. Following the separation, Mother and Children returned to the Pine Ridge Reservation. Father moved to Indiana County, Pennsylvania. Mother agreed that Children could visit Father in November of 2006. However, Father never returned Children. Children have resided with Father in Indiana County, Pennsylvania since November of 2006.

On December 12, 2006, Mother filed a Complaint for Divorce with the Oglala Sioux Tribal Court (hereinafter "Tribal Court"), at case no. CIV–06–0750.[1] In her complaint, Mother requested full and exclusive custody of Children. On January 5, 2007, the Tribal Court issued a temporary custody order and notice of

---

* Retired Senior Judge assigned to Superior Court.

1. Mother and Children are duly enrolled members of the Oglala Sioux Tribe.

hearing. The temporary order awarded legal and physical custody of Children to Mother pending adjudication of the divorce complaint. Notice of the order was mailed on January 5, 2007, via certified mail to Father. Father signed for the certified mailing on January 17, 2007.

The Tribal Court held a hearing on January 26, 2007, wherein Tribal Advocate Joe Clifford claimed to represent Father and requested a continuance, which was granted. Mr. Clifford did not enter a special appearance to contest jurisdiction.

Notice of the re-scheduled hearing date was subsequently mailed to Father. On March 17, 2007, Father's brother, S.L., signed a certified mailing containing notice of the new hearing date set for March 23, 2007.

Father did not attend the custody hearing in Tribal Court on March 23, 2007. However, Mother was present. In an order entered on April 19, 2007, the Tribal Court granted Mother's request for a divorce, and awarded Mother full physical and legal custody of Children.

On March 12, 2007, Father filed a Complaint for Custody and Petition for Special Relief in the Court of Common Pleas of Indiana County, Pennsylvania. Therein, Father alleged that there was no action or court order in another jurisdiction. As such, on March 14, 2007, the trial court entered a temporary order prohibiting Z.M.F.H.'s removal from her current school enrollment and restricting the relocation of Children from Indiana County, pending further hearing.

The trial court held a hearing on April 2, 2007. Father attended the hearing along with his counsel. Mother was not present. Father testified that, while service on Mother was not achieved, she was aware of the proceeding. The trial court awarded temporary physical and legal custody of Children to Father and required Father to serve the order on Mother and to file an affidavit of service with the trial court. Father did not file an affidavit of service as directed.

On March 23, 2010, Mother filed a Petition for Enforcement of a Child Custody Determination under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. §§ 5401–5482. In an order entered on April 19, 2010, the Indiana County trial court stayed its proceedings pending communication with the Oglala Sioux Court.

On June 24, 2010, the trial court held an on-the-record conference pursuant to Sections 5424(d) and 5410(d) of the UCCJEA with the Honorable Patrick Lee, Chief Judge, Oglala Sioux Tribal Court. Mother's counsel, Father, and Father's counsel were present in Indiana County, while Mother and her Tribal Advocate were present at the Tribal Court in the Pine Ridge Indian Reservation.

By order dated July 15, 2010, and entered on July 20, 2010, the Indiana County trial court concluded that the Tribal Court had jurisdiction over the custody dispute, pursuant to the UCCJEA. It vacated its prior custody determination and transferred the case to the Tribal Court. Father filed a timely notice of appeal from the order on August 4, 2010, along with a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

In his brief on appeal, Father presents the following questions for our review:

1.  Were there simultaneous proceedings as defined by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) or Federal Parental Kidnapping Prevention Act (PKPA)?

2.  Were the Oglala Tribal Court Orders enforceable orders under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) or Federal Parental Kidnapping Prevention Act (PKPA)?

3. Did the Appellee herein submit to the jurisdiction of the Indiana County Court of Common Pleas?

4. Was Appellant herein given proper notice of the proceedings held by the Oglala Tribal Court?

5. Was Pennsylvania the proper jurisdiction to hear the within custody matter?

Father's Brief at 5.

At the outset, we note that Father's five issues are interrelated, and the gravamen of his complaint challenges the trial court's conclusion that jurisdiction of the custody dispute properly lies with the Tribal Court. We begin by addressing this Court's relevant standard of review in matters involving the UCCJEA:

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*Wagner v. Wagner*, 887 A.2d 282, 285 (Pa.Super.2005) (citation omitted).

Here, the trial court provided the following analysis in support of its order dismissing the case:

> A court of this Commonwealth must treat a tribe as if it were a State of the [United States] and child custody determinations made by a tribe under factual circumstances in substantial conformity with the UCCJEA (§ 5404(b) and (c)) must be recognized and enforced. The Oglala Sioux Tribe of the Pine Ridge Indian Reservation is formerly [sic] rec-

ognized by Federal law. At the time Mother commenced proceedings in the Oglala Sioux Tribal Court (December 16, 2006), there was no "home state."

[Section 5402] of the UCCJEA defines "home state" as: "The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." On December 16, 2006, the children had not lived on the Pine Ridge Reservation, Pennsylvania, or Nebraska for at least six consecutive months immediately before the commencement of Mother's proceedings in the Oglala Sioux Court. At the time the action was filed in the Oglala Sioux Tribal Court, no state, including the Oglala Sioux Tribal Court, had exclusive, continuing jurisdiction pursuant to [Section 5421(b) ].

The Oglala Sioux Court and the Commonwealth of Pennsylvania have significant connections with the minor children. The children were and are enrolled members of the Oglala Sioux tribe. The children lived on the Pine Ridge Reservation, and attended functions and activities at the Pine Ridge Reservation. Mother resided at the Pine Ridge Reservation when she commenced her action. The children resided in the Commonwealth of Pennsylvania when Mother's [Petition for Enforcement] was filed. [Z.F.H.L.] attends school in the Commonwealth of Pennsylvania. The Father and members of [his] family reside in the Commonwealth of Pennsylvania.

Simultaneous proceedings exist in the Oglala Sioux Court and the Commonwealth of Pennsylvania. Where there is no home state, no state with exclusive, continuing jurisdiction, and more than one significant connection state, [Section 5426] of the UCCJEA prohibits a court of this Commonwealth from exercising jurisdiction if a proceeding has been

commenced in a court of another state having jurisdiction.[1]

The UCCJEA requires notice and an opportunity to be heard to all persons entitled to notice. [23 Pa.C.S.A. § 5435]. Notice is to be given by any method allowed by either the state that issues the notice or the state where the notice is received. Uniform Law Comment, § 5408. [Section 20.3—Service of Process] of the Tribal Court Rules permits service by "registered or certified mail return receipt requested" to the defendant's "usual residence" where personal service is impractical. The Oglala Sioux Court served Father by certified mail on January 17, 2007, as evidenced by the signed return receipt. The Oglala Sioux Court has jurisdiction substantially in conformity with the UCCJEA.

---

[1] The Uniform Law Comments note that "For these cases, this section retains the 'first in time' rule of the UCCJEA."

Trial Court Opinion, 7/20/10, at 5–7.

■■ In his first claim, Father alleges that there were not simultaneous proceedings as defined by the UCCJEA. Thus, Father alleges that the trial court erroneously applied Section 5426. Section 5426 provides as follows:

### § 5426. Simultaneous proceedings

(a) **General rule.**—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not exercise its jurisdiction under this subchapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter unless the proceeding has been terminated or is stayed by the court of the other state because a court of this Commonwealth is a more convenient forum under section 5427 (relating to inconvenient forum).

(b) **Stay; communication with other court.**—Except as otherwise provided in section 5424, a court of this Commonwealth, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to section 5429 (relating to information to be submitted to court). If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this Commonwealth shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this Commonwealth is a more appropriate forum, the court of this Commonwealth shall dismiss the proceeding.

(c) **Modification.**–In a proceeding to modify a child custody determination, a court of this Commonwealth shall determine whether a proceeding to enforce the determination has been commenced in another state. If a proceeding to enforce a child custody determination has been commenced in another state, the court may:

(1) stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying or dismissing the proceeding for enforcement;

(2) enjoin the parties from continuing with the proceeding for enforcement; or

(3) proceed with the modification under conditions it considers appropriate.

23 Pa.C.S.A. § 5426.

Additionally, we note that Section 5447 directs treatment of a petition for enforce-

ment, such as the petition filed by Mother *sub judice*, as follows:

> If a proceeding for enforcement under this subchapter is commenced in a court of this Commonwealth and the court determines that a proceeding to modify the determination is pending in a court of another state having jurisdiction to modify the determination under Subchapter B (relating to jurisdiction), the enforcing court shall immediately communicate with the modifying court. The proceeding for enforcement continues unless the enforcing court, after consultation with the modifying court, stays or dismisses the proceeding.

23 Pa.C.S.A. 5447.

The trial court in this case properly concluded that there were simultaneous proceedings in the Tribal Court and the trial court. Section 5426 of the UCCJEA explicitly provides that "a court of this Commonwealth may not exercise its jurisdiction under this subchapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction in substantial conformity with this chapter...." 23 Pa.C.S.A. § 5426(a). At the time that Father commenced his custody petition in the trial court, Mother had already commenced a custody action in the Tribal Court. Thus, the trial court properly considered itself the "modifying court" as contemplated in Section 5447 of the UCCJEA. Further, the trial court duly contacted the Tribal Court and determined that Father's custody petition should be dismissed. We find the trial court's actions congruous with the dictates of the UCCJEA. Accordingly, Father's first claim on appeal fails.

■ As Father's second and fourth issues are related, we address them concomitantly. Father first claims that the custody determination in Tribal Court is not valid because he did not have notice of the proceedings in tribal court. This claim is without merit. The trial court's conclusion that Father received notice of the proceeding in tribal court is adequately supported in the record. The January 5, 2007 Temporary Custody Order and Notice of Hearing was sent by certified mail to Father at his last known address, the home of his mother, where he had informed Mother that he resided with Children. N.T., 6/24/10, at 97. Mother testified that she was familiar with Father's signature and that the signature on the return receipt was his. *Id.* at 98. The trial court found Mother's testimony credible, and we may not disturb this credibility determination. *Johns v. Cioci*, 865 A.2d 931, 936 (Pa.Super.2004) ("[W]ith regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand.").

■ Father additionally argues that the Pine Ridge Indian Reservation was not Children's "home state" for the purpose of the UCCJEA and therefore, the custody order in Tribal Court should have no effect. Father asserts that, even assuming *arguendo*, that the Tribal Court properly had jurisdiction over Mother's initial custody complaint, the Tribal Court does not have continuing jurisdiction because the tribal state does not remain the residence of the child or of any contestant.

We first note that Father is incorrect in his assertion that the trial court concluded that the Pine Ridge Indian Reservation was Children's home state. The trial court's opinion explicitly states that it found Children did not have a home state at the time of the commencement of Mother's custody petition. *See* Trial Court Opinion, 7/20/10, at 5 ("At the time Mother commenced proceedings in the Oglala Sioux Tribal Court (December 16, 2006),

there was no 'home state.' "). On December 16, 2006, when Mother filed her custody petition, Children had not lived on the Pine Ridge Reservation, Pennsylvania, or Nebraska for the minimum of six months.[2]

The UCCJEA and the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C.S. § 1738A, recognize that there may be situations where there is no home state. The Uniform Law Comment to Section 5426 states:

[T]he simultaneous proceedings problem will arise only when there is no home state, no state with exclusive, continuing jurisdiction and more than one significant connection state. For those cases, this section retains the "first in time" rule.... Communication between courts is required when it is determined that a proceeding has been commenced in another state.

23 Pa.C.S.A. 5426 (Comment).

In this case, the trial court determined that both states have significant connections. Relative to the Oglala Sioux Court, Children are enrolled members of the tribe, the family lived on the reservation for some time, and Mother commenced her custody action when she resided on the Pine Ridge Reservation. However, Z.F.H.L. attends school in the Commonwealth of Pennsylvania, where Father and his family members reside. Based on these factors, the trial court concluded that Children have significant connections to both states.

When applying the "first in time" rule, it is clear that Mother filed her petition for custody on December 16, 2006, several months before Father filed his custody petition in the trial court on March 12, 2007. Since the Tribal Court action came first in time, the trial court was prohibited from exercising jurisdiction pursuant to Section 5426. 23 Pa.C.S.A. § 5426. Additionally, to the extent Father argues that the Tribal Court does not have continuing, exclusive jurisdiction, pursuant to 23 Pa. C.S.A. 5422, we note that the Uniform Law Comment to that section expressly states that "the original decree state is the sole determinant of whether jurisdiction continues." Thus, the Tribal Court alone has the ability to make a determination regarding whether jurisdiction continues with the Oglala Sioux Tribe. As such, Father's claim fails.

■ In his third issue, Father asserts that Mother submitted to the jurisdiction of the trial court on January 12, 2009, when she filed an "Injunction to Cease Child Support Payments & Return of Minor Children." Father's brief does not elaborate on this argument other than this bald assertion.

The record reflects that Mother filed the aforementioned petition *pro se* in an effort to have Children returned to her custody. The trial court dismissed Mother's petition without prejudice. Mother subsequently obtained counsel and filed her Petition for Enforcement. We conclude that the trial court properly determined that it did not have subject matter jurisdiction over the custody determination of Children for the aforementioned reasons. Furthermore, whether or not Mother submitted to personal jurisdiction in the Commonwealth is irrelevant, as the controlling issue in this

---

**2.** The UCCJEA defines "home state" as follows:

The state in which a child lived with a parent or a person for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402.

case challenges whether subject matter jurisdiction exists in the trial court. *See* 23 Pa.C.S.A. § 5421(c) ("Physical presence of or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination.").

■ Father presents a fifth issue as to "whether Pennsylvania was the proper jurisdiction to hear the within custody matter" in his statement of questions. Father's Brief at 5. However, the argument section of Father's brief does not contain any discussion of this issue. Accordingly, it is waived. *Harris v. Toys "R" Us–Penn, Inc.*, 880 A.2d 1270, 1279 (Pa.Super.2005) (failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review).

■ Finally, we note that Mother filed an application to dismiss Father's appeal on September 17, 2010, alleging that Father failed to substantially comply with the Pennsylvania Rules of Appellate Procedure. Specifically, Mother alleges that Father's brief and reproduced record were untimely filed and that Mother was served with only one copy of the brief and reproduced record, instead of two, as required by Pa.R.A.P. 2187. Although Father did not strictly comply with the Rules of Appellate Procedure, we deny Mother's application to dismiss the appeal, as our review was not substantially hindered by any error on part of Father. *See Amicone v. Rok*, 839 A.2d 1109, 1112–1113 n. 1 (Pa.Super.2003).

Order affirmed. Mother's application to dismiss is denied.