19 A.3d 1081 (2011)
B.J.D., Appellant
v.
D.L.C., Appellee.
No. 1682 WDA 2010.
Superior Court of Pennsylvania.
Submitted February 7, 2011.
Filed April 11, 2011.
Gerald M. Nelson, Hollidaysburg, for appellant.
D.L.C., appellee, pro se.
BEFORE: MUSMANNO, PANELLA, and STRASSBURGER[*], JJ.
OPINION BY STRASSBURGER, J.:
Appellant, B.J.D. (Father), appeals from the order dated September 28, 2010, and entered on October 6, 2010, in the Blair County Court of Common Pleas, which stayed all proceedings with D.L.C. (Mother) relating to the custody of their child, L.D. (Child), and directed the parties to commence promptly and litigate the custody dispute in Oklahoma. Upon review, we vacate that order.
Pursuant to a prior custody order, entered on June 4, 2009, the trial court granted Father primary physical custody of Child and permitted Father to relocate with his girlfriend, S.H., to the island of Saipan, in the United States Commonwealth of the Northern Mariana Islands. Mother currently resides in Oklahoma, where she has lived since 2004.
Shortly after Father's relocation to Saipan, his relationship with his girlfriend, who had become pregnant, deteriorated, as *1082 did his employment prospects on the island. As a result, S.H. separated from Father and moved to Canada. In June or July of 2010, Father temporarily relocated to Canada for the birth of his child with S.H. In September 2010, Father and Child moved to the home of Father's mother in Silver Springs, Maryland.
On June 11, 2010, Mother wrote a letter to the trial court to ask that jurisdiction for the custody litigation be transferred to her place of residence, Cleveland County, Oklahoma. On September 24, 2010, Father filed a petition for custody modification to allow Father to live at his mother's home with Child in Silver Springs, Maryland. The trial court held a hearing on the petitions on September 28, 2010. In an order dated that day, but entered on October 6, 2010, the trial court transferred jurisdiction of the custody matter to Oklahoma. Father filed a timely notice of appeal from the order on October 28, 2010, along with a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). The trial court filed an opinion on November 17, 2010.
Father presents the following issue for our review: Whether the trial court abused its discretion in transferring jurisdiction of this matter to Cleveland County, Oklahoma. Father's Brief at 8.
Father asserts that the trial court should have transferred jurisdiction to Maryland, where he resides, and not to Oklahoma. Father contends that all of Child's significant contacts are currently in Maryland. The trial court concluded, however, that it needed to transfer the matter to a place of "stable jurisdiction," and pursuant to 23 Pa.C.S. § 5427, forum non conveniens, Oklahoma was the best place for the convenience of the parties. See Trial Court Opinion, 11/17/2010, at 2-3. We conclude, after a careful review of the record, that the trial court lacked subject matter jurisdiction to enter that order pursuant to 23 Pa.C.S. § 5427, and therefore, we vacate that order and dismiss the case to allow the parties to litigate this matter in a state with jurisdiction.
We recognize that neither Father nor the trial court specifically addressed the issue of subject matter jurisdiction. However, "[i]t is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court sua sponte." Grom v. Burgoon, 448 Pa.Super. 616, 672 A.2d 823, 824-25 (1996).
Furthermore, where "[t]he issue for review centers on the question of subject matter jurisdiction....this question is purely one of law, our standard of review is de novo, and our scope of review is plenary." Commonwealth v. Jones, 593 Pa. 295, 929 A.2d 205, 211 (2007).[1]
In Rennie v. Rosenthol, 995 A.2d 1217 (Pa.Super.2010), this Court discussed exclusive, continuing jurisdiction pursuant to the UCCJEA:
The UCCJEA, 23 Pa.C.S.A. § 5401, et seq., was promulgated by the National Conference of Commissioners on Uniform State Laws in 1997 and became effective in Pennsylvania in 2004. The UCCJEA replaced the Uniform Child Custody Jurisdiction Act ("UCCJA") as a way to rectify inconsistent case law and revise custody jurisdiction in light of federal enactments. One of the main purposes of the UCCJEA was to clarify *1083 the exclusive, continuing jurisdiction for the state that entered the child custody decree. See 23 Pa.C.S.A. § 5422, cmt.; see also Bouzos-Reilly v. Reilly, 980 A.2d 643, 645 (Pa.Super.2009). Section 5422 of the UCCJEA sets forth the following test to determine whether a trial court retains "exclusive, continuing jurisdiction" over its initial child custody order:
(a) GENERAL RULE.Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:
(1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or
(2) a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.
(b) MODIFICATION WHERE COURT DOES NOT HAVE EXCLUSIVE, CONTINUING JURISDICTION.A court of this Commonwealth which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 5421.
23 Pa.C.S.A. § 5422.
Under the plain meaning of section 5422(a)(1), a court that makes an initial custody determination retains exclusive, continuing jurisdiction until neither the child nor the child and one parent or a person acting as a parent have a significant connection with Pennsylvania and substantial evidence concerning the child's care, protection, training, and personal relationships is no longer available here. The use of the term "and" requires that exclusive jurisdiction continues in Pennsylvania until both a significant connection to Pennsylvania and the requisite substantial evidence are lacking. In other words, Pennsylvania will retain jurisdiction as long as a significant connection with Pennsylvania exists or substantial evidence is present.

Rennie, 995 A.2d at 1220-21 (emphasis added and footnotes omitted).
The relevant facts in this case are undisputed. Mother moved to Oklahoma in 2004. On June 4, 2009, the trial court allowed Father to move with Child to Saipan. By that point, Father had lost his home in Blair County, Pennsylvania after a mortgage foreclosure. Upon leaving Saipan, Father first went to Canada, then to Maryland. Father never brought Child back to Pennsylvania. Furthermore, Father, Mother, and Child no longer have connections to Pennsylvania, nor do they intend to return to Pennsylvania.
Based on these undisputed facts, Pennsylvania no longer has exclusive, continuing jurisdiction over this child custody matter pursuant to the UCCJEA and is no *1084 longer able to make any custody orders in this case.[2]
Order vacated. Case dismissed. Jurisdiction relinquished.
NOTES
[*] Retired Senior Judge assigned to the Superior Court.
[1] We note that this is an appeal from an order to transfer custody jurisdiction, not an appeal from an order to exercise or decline jurisdiction, which would be subject to an abuse of discretion standard. See Wagner v. Wagner, 887 A.2d 282, 285 (Pa.Super.2005) ("A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion.").
[2] An order to transfer custody jurisdiction is not a modification of a custody order pursuant to 23 Pa.C.S. § 5422(b). However, even if it were, our result would be the same. In that case, we would have to look to whether the trial court could exercise initial custody jurisdiction pursuant to 23 Pa.C.S. § 5421. It cannot. Pennsylvania is not the Child's home state, nor is it a significant connections state pursuant to 23 Pa.C.S. § 5421(a)(1) and (2). See also, Rennie, supra. Thus, the only way that Pennsylvania could exercise initial custody jurisdiction is if no other state would be able to do so pursuant to 23 Pa.C.S. § 5421(a)(4). Based on these facts, it is possible that either Maryland (as Child's home state, if the child has lived there for at least six months at this point) or Oklahoma (because Mother lives there and may have significant connections to child) would have jurisdiction. The resolution of this issue should take place in a jurisdiction with a stake in the issue.