**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| V.L.S.<br><br>Appellant<br><br>v.<br><br>S.C.<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 661 EDA 2014 |

Appeal from the Order Entered January 30, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2009-11738

---

| | |
|---|---|
| V.L.S.<br><br>Appellant<br><br>v.<br><br>S.C.<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 662 EDA 2014 |

Appeal from the Order Entered January 30, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2011-10287

BEFORE: BOWES, J., OTT, J., and STRASSBURGER, J.*

MEMORANDUM BY OTT, J.: **FILED NOVEMBER 12, 2014**

V.L.S. ("Father") appeals from the custody order in the Court of Common Pleas of Delaware County entered on January 30, 2014, that

---

* Retired Senior Judge assigned to the Superior Court.

denied his *de novo* appeal from the findings of the Master dated April 9, 2013, and denied his petition to vacate the Master's recommended custody order dated October 18, 2011. After careful review, we affirm.

In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court set forth the factual and procedural history in this case, which the testimonial and documentary evidence supports. As such, we adopt it herein. ***See*** Trial Court Opinion, 3/24/14, at 2–4.

We summarize the relevant background, as follows. On June 16, 2011,[1] Mother filed an emergency complaint in custody with respect to the parties' children, L.T.S., a male, born in May of 1997, and C.M.S., a female, born in June of 1998. At the time, a custody proceeding between the parties was pending in the Richland County Court of Common Pleas in South Carolina, where Father then resided, and where the parties, in 2003, had obtained a divorce decree that incorporated a custody agreement. ***See*** Trial Court Opinion, 3/24/14, at 2. By order dated June 17, 2011, the trial court deemed Mother's emergency complaint a petition to modify the existing custody order and listed it with the Custody Master. ***Id.*** Following communication between the respective trial courts regarding subject matter jurisdiction, the Richland County Court of Common Pleas issued an order on

---

[1] The trial court's Rule 1925(a) opinion contains a typographical error, stating that Mother filed the emergency complaint in custody on June 6, 2011.

August 22, 2011,[2] relinquishing jurisdiction and transferring the matter to the Delaware County Court of Common Pleas ("transfer order"). ***Id.*** at 3. On October 18, 2011, the Master held a hearing on Mother's petition and and issued a recommended custody order awarding Mother sole legal and physical custody. ***See*** Temporary Custody Order, 10/18/11. The trial court adopted the Master's recommended order on October 20, 2011. Trial Court Opinion, ***supra***, at 3-4. The transfer order was registered in the Delaware County Court of Common Pleas on May 14, 2012. ***Id.*** at 3.

On February 25, 2013, Father filed a petition to vacate the Master's recommended custody order of October 18, 2011. Father alleged that Pennsylvania did not have jurisdiction to hold a hearing on any pleading filed by Mother prior to the date of the transfer order. ***See*** Petition to Vacate, at ¶ 11. As such, Father requested that the Master's recommended order dated October 18, 2011 be vacated. On April 9, 2013, following a hearing, the Master denied Father's petition.

On April 17, 2013, Father requested a hearing *de novo*. The trial court held a hearing on January 2, 2014, during which Father represented himself *pro se*, and Mother was represented by counsel. By order dated January 21, 2014, and entered on January 30, 2014, the trial court denied Father's *de*

---

[2] The order, a copy of which is included in the certified record, is dated August 22, 2011, and time-stamped August 23, 2011.

*novo* appeal from the findings of the Master dated April 9, 2013, and denied his petition to vacate the Master's recommended order dated October 18, 2011. Father filed timely notices of appeal and concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[3]

On appeal, Father presents the following issues for our review:

> Whether the Trial Court Erred and Committed an Abuse of Discretion When it Entered its Order dated June 17, 2011 Denying Mother's Emergency Petition, and Treating It Instead as a Petition to Modify Custody When It Lacked Jurisdiction to do so Under the UCCJEA and as such, the Resulting October 18, 2011 Order of Custody was Invalid[?]
>
> Whether the Trial Court Erred and/or Committed an Abuse of Discretion when it Found that the August 22, 2011 South Carolina Order Transferring Jurisdiction was Effective Prior to the Date that it was Registered as a Foreign Custody Order on May 14, 2012[?]
>
> Whether the Trial Court Erred and/or Committed an Abuse of Discretion When it Failed to Find That Mother and Her Counsel Committed Fraud Upon The Court When They Failed to Advise The Court In Their Emergency Petition For Custody Filed On June 16, 2011, that South Carolina Was Exercising Continuing and Exclusive Jurisdiction of the Custody Matter Under The Uniform Child Custody Jurisdiction and Enforcement Act ("The UCCJEA")[?]
>
> Whether the Trial Court Erred and/or Committed an Abuse of Discretion When it Denied Father's *De Novo* Appeal of the October 18, 2011 Order[?]

---

[3] The record reveals that the underlying custody matter has two separate docket numbers, which are not duplicative, and that the subject order was filed under both docket numbers. Father filed notices of appeal under both docket numbers, which this Court consolidated *sua sponte*.

Father's Brief, at 4.

In this appeal, Father challenges the trial court's determinations upholding the Master's October 18, 2011, recommended custody order. Specifically, Father contends that Pennsylvania did not have subject matter jurisdiction until May 14, 2012, when the trial court registered the South Carolina court's order of August 22, 2011, relinquishing jurisdiction.

We begin with the appropriate standard of review, which is as follows:

> [W]here [t]he issue for review centers on the question of subject matter jurisdiction....this question is purely one of law, our standard of review is *de novo*, and our scope of review is plenary.

***B.J.D. v. D.L.C.***, 19 A.3d 1081, 1082 (Pa. Super. 2011) (quotations and citations omitted).[4]

---

[4] We note that this appeal does not involve an appeal from an order exercising or declining to exercise jurisdiction. In such a case, we review for an abuse of discretion. ***See id.*** at 1082 n.1, *citing* ***Wagner v. Wagner***, 887 A.2d 282, 285 (Pa. Super. 2005) ("A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion.").

The confusion regarding the correct standard of review for an appeal is common where a party raises a question of law concerning jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). ***See S.K.C. v. J.L.C.***, 94 A.3d 402, 406–407 (Pa. Super. 2014) ("[W]e have imprecisely quoted this language [regarding an abuse of discretion standard] even when the question was not whether the trial court properly exercised (or declined to exercise) jurisdiction, but rather the question was whether the trial court actually possessed subject matter jurisdiction.").

Here, Father is claiming the trial court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 23 Pa.C.S. §§ 5401–5482. In making these arguments, Father cites 23 Pa.C.S. § 5423, which provides jurisdiction for a trial court to modify a child custody determination made by a tribunal in a different state.[5] ***See*** Father's Brief at 13–14. Section 5423, in turn, references 23 Pa.C.S. § 5421, which establishes subject matter jurisdiction before the courts of common pleas in child custody matters.[6] As such, Father's challenge implicates the subject

---

[5] Section 5423 provides, in pertinent part:

> Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), **a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421 (a)(1) or (2) (relating to initial child custody jurisdiction)** and:
>
> > **(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422** (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum) ….

23 Pa.C.S. § 5423(1).

[6] Section 5421 provides, in pertinent part:

> **(a) General rule.** --Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of

*(Footnote Continued Next Page)*

matter jurisdiction of the trial court. ***See S.K.C. v. J.L.C.,*** 94 A.3d 402, 406-407 (Pa. Super. 2014) (footnotes omitted) ("The UCCJEA establishes subject matter jurisdiction before the courts of common pleas in child custody matters under various subsections of Title 23, including 23 Pa.C.S.A. § 5421 and 5422."). Accordingly, we apply a *de novo* standard of review. ***B.J.D. v. D.L.C., supra.***

Turning to Father's substantive arguments, Father argues that South Carolina had exclusive and continuing jurisdiction over the parties' custody matter on June 17, 2011, when the trial court entered its order that treated Mother's emergency complaint as a petition to modify custody. Father

*(Footnote Continued)*

> this Commonwealth has jurisdiction to make an initial child custody determination only if:
>
> > (1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;
> >
> > (2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) ….

23 Pa.C.S. § 5421(a)(1), (a)(2).

maintains the resulting October 18, 2011 recommended custody order of the Master was therefore invalid. ***See*** Father's Brief at 16. In his second, related issue, Father argues the August 22, 2011 South Carolina transfer order did not become a valid Pennsylvania order until May 14, 2012, when it was registered in the trial court, and, therefore, the Master's October 18, 2011 recommended custody order should have been vacated by the trial court. ***See*** Father's Brief at 20.

Upon careful review, we discern no basis upon which to disturb the determination of the trial court that the Delaware County Court of Common Pleas had subject matter jurisdiction when the Master entered the October 18, 2011, recommended custody order. We conclude that the trial court applied the proper legal analysis to Father's claims regarding subject matter jurisdiction under the UCCJEA, and we therefore adopt the trial court's cogent Rule 1925(a) opinion as dispositive of Father's first and second issues. ***See*** Trial Court Opinion, 3/24/14, at 7–9, (concluding: "[E]ven though the [August 22, 2011] South Carolina transfer Order was not docketed in Delaware County, Pennsylvania until May 14, 2012, Pennsylvania had jurisdiction through the UCCJEA effective the date that South Carolina relinquished jurisdiction which was prior to the Master's October 2011 hearing date. Delaware County, Pennsylvania, therefore, had jurisdiction to enter the Master's Recommendations dated October 18, 2011 as an Order of Court on October 20, 2011." ***Id.*** at 9).

Next, we turn to Father's third and fourth issues raised on appeal. In Father's third issue, he argues that the trial court erred and abused its discretion by failing to find that Mother and her counsel committed fraud upon the court by not including in the emergency complaint a provision concerning the pending custody action in the Richland County Court of Common Pleas. In this regard, Father also argues that the trial court erred in refusing to admit a private journal entry authored by Mother in 2000.

In his fourth issue, Father argues that the trial court erred in denying his *de novo* appeal of the findings of the Master dated April 9, 2013, because he was denied a full and fair hearing *de novo*. Father admits that he "was permitted to introduce evidence on January 2, 2014, in support of his petition to vacate and demand for a *de novo* hearing," but complains that "Mother never testified," and "[w]ithout Mother's testimony or Father's ability to cross-examine Mother on the issue of the filing of her Emergency Complaint for Custody, it was impossible for Father to prove his case with respect to fraud." Father's Brief at 29.

The legal principles that guide our review of these issues are as follows: First,

> [w]ith regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand.

***Johns v. Cioci***, 865 A.2d 931, 936 (Pa. Super. 2004) (citation omitted), *cited with approval in* ***C.L. v. Z.M.F.H.***, 18 A.3d 1175, 1180 (Pa. Super. 2011). Moreover,

> [q]uestions concerning the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.

***In Re Adoption of D.M.H.***, 682 A.2d 315, 321 (Pa. Super. 1996) (citation omitted), *appeal denied*, 690 A.2d 237 (Pa. 1997).

Finally, among the requirements of due process are notice, and an opportunity to present evidence and to cross-examine opposing witnesses. ***See generally, RESPA of Pa., Inc. v. Skillman***, 768 A.2d 335, 339–340 (Pa. Super. 2001).

Based upon our review, we conclude the trial court has ably addressed the third and fourth issues raised by Father. Therefore, we likewise adopt the trial court's well-reasoned Rule 1925(a) opinion as dispositive of the arguments advanced by Father in support of the third and fourth issues raised in this appeal. ***See*** Trial Court Opinion, 3/24/14, at 9–14, (Sections B; C and subpart (b); and D) (opining: (1) Mother "did not 'purposefully conceal' the jurisdictional issue, which was a matter of record apparent from prior custody proceedings"[7]; (2) "a [private] journal entry authored by

---

[7] Trial Court Opinion, 3/24/2014, at 10.

[Mother] eleven years earlier whereby she remorsefully recounts how she lies and needs to 'cut out this cancerous growth'"[8] was too far removed in time to be considered relevant and was properly excluded; and (3) Father "had a full and fair *de novo* hearing on January 2, 2014, on his petition to vacate,"[9] following the findings of the Master dated April 9, 2013, on Father's Petition to Vacate).

Accordingly, we affirm.

Order affirmed.[10]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014

---

[8] ***Id.*** at 12.

[9] ***Id.*** at 13.

[10] In the event of further proceedings, the parties are directed to attach a copy of the trial court's Rule 1925(a) opinion, dated March 24, 2014.

Circulated 11/03/2014 10:52 AM

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

CIVIL ACTION – LAW

V.L.S. : NO. 2009-0117738
:
Plaintiff/Appellant :
: Superior Court Docket No. 661 EDA 2014
v. :
:
S.C. :
: IN CUSTODY
Defendant/Appellee :

Deborah G. Zitomer, Esquire – Attorney for Plaintiff/Appellant
Susan Carney – Self Represented Defendant

**OPINION**

**Cartisano, J.** **DATE: March 24, 2014**

Plaintiff/Appellant V.L.S. (hereafter "Father") seeks review of the Trial Court's January 21, 2014 Order wherein the Trial Court denied Father's Petition to Vacate the Master's Order dated October 18, 2011 and likewise denied Father's *de novo* appeal from Findings of Master Jane McNerney dated April 9, 2013 which was filed as of record on April 17, 2013. The majority of Father's Statement of Matters Complained of on Appeal relate to a claim that the Trial Court abused its discretion when it denied an emergency custody petition filed by S.C. (hereafter "Mother" or "Appellee") and placed the matter before a Master in Delaware County, Pennsylvania alleging therein that Richland County, South Carolina not Delaware County, Pennsylvania had subject matter jurisdiction over the custody proceedings at that time.

Father also contends that the Trial Court abused its discretion and committed an error of law by failing to find that Mother committed an intentional fraud upon the Trial Court, failing to admit certain exhibits presented by Father during the course of the hearing, and other issues as described in more detail below. Appellant's contentions, however, are meritless.



(13)

Circulated 11/03/2014 10:52 AM

**Factual and Procedural History**

The foregoing case has its genesis in Richland County, South Carolina where the parties filed a divorce action. The parties were divorced by the decree of the Honorable John M. Rucker of Richland County on or about 2003. During the pendency of the divorce action, Mother relocated to Delaware County, Pennsylvania with the parties' two minor children, L.T.S. (D.O.B.: 5/24/1997) and C.M.S. (D.O.B. 6/27/1998) (hereafter collectively "Children"). Incorporated into the divorce decree was a custody agreement which was entered as an Order of Court by Richland County, South Carolina on or about February 13, 2003 stating, in pertinent, that in the event that Father/Appellant sought to change custody or modify visitation, he was to bring an action in Pennsylvania where Mother/Appellee resides. Likewise, in the event Mother/Appellee wished to bring an action to modify custody or visitation, she was compelled to bring an action in Father/Appellant's home state being South Carolina at the time. (N.T. 1/2/2014, at p. 29, Order dated February 13, 2003, Honorable John M. Rucker).

Needless to say, the parties' agreement became problematic resulting in open custody actions in both Richland County, South Carolina and Delaware County, Pennsylvania. On or about June 6, 2011, Mother filed an Emergency Complaint in Custody (hereafter "Mother's Emergency Complaint"). In the Emergency Complaint, Mother/Appellee made no mention of pending custody proceedings in Richland County, South Carolina. Father/Appellant did not respond to Mother's Emergency Complaint failing to make a jurisdictional argument. (N.T. 1/2/2014, at p. 20). The Trial Court entered an Order dated June 17, 2011 which treated Mother's Emergency Complaint as a regular petition to modify custody and ordered it be placed on the next available custody list before the assigned custody Master, Master Jane E. McNerney.

Prior to the filing of Mother's Emergency Complaint there were already several Temporary Custody Orders and Orders relating to contempt petitions in place in Delaware County.

Prior to the scheduled hearing on Mother's Emergency Complaint, the Honorable Dana A. Morris of the Richland County Court of Common Pleas in South Carolina issued an Order dated July 25, 2011 that stated in relevant part that Richland County, Family Court in Columbia, South Carolina shall communicate with Delaware County Family Court to assist with the then current impasse concerning jurisdiction. (N.T. 1/2/2014, at p. 47). Thereafter, Judge Morris and the Honorable Kathrynann W. Durham of the Delaware County Court of Common Pleas in Pennsylvania consulted on the issue of subject matter jurisdiction. (N.T. 1/2/2014, at p. 14). On August 5, 2011, Master McNerney purposefully filed a continuance request of the hearing scheduled on Mother's Emergency Complaint pending a joint decision by Judge Morris and Judge Durham on the issue of subject matter jurisdiction. (N.T. 1/2/2014, at p.47)

Judge Morris of Richland County, South Carolina and Judge Durham of Delaware County, Pennsylvania agreed that Delaware County, Pennsylvania would retain jurisdiction of the custody matter while Richland County, South Carolina would relinquish jurisdiction. (N.T. 1/2/2014, at p.14). On or about August 22, 2011 Judge Morris entered an Order relinquishing jurisdiction and transferring the custody action to Delaware County, Pennsylvania. This Order was docketed in Richland County, South Carolina on August 23, 2011; although the Order was not registered in Delaware County, Pennsylvania until May 14, 2012. (N.T. 1/2/2014, at p. 15).

On or about October 18, 2011, nearly two months after Richland County, South Carolina signed and docketed their August 22, 2011 Order relinquishing jurisdiction and transferring the matter to Delaware County, Pennsylvania, Master Jane McNerney of Delaware County held a custody hearing and issued a custody recommendation which was signed as an Order of Court by

the Honorable Linda A. Cartisano on October 20, 2011. (N.T. 1/2/2014, at p. 14). Appellant chose not to be present at the hearing and failed to raise the issue of jurisdiction by filing an appropriate pleading. (N.T. 1/2/2014, at pp. 6, 20). Father/Appellant did not timely appeal the Master's recommendation for an appeal *de novo* but instead filed a "Petition to Vacate the Master's recommended Order dated October 18, 2011" (hereafter "Father's Petition to Vacate") over a year later on February 25, 2013. This Petition was heard by Master McNerney and denied on April 9, 2013. Father filed as an appeal *de novo* of the Master's Orders.

The Trial Court scheduled a hearing on the merits of Father's Petition to Vacate whereby Father/Appellant argued that although South Carolina had relinquished jurisdiction on August 22, 2011 that Delaware County did not obtain jurisdiction until the August 22, 2011 South Carolina Order was registered in Delaware County on May 14, 2012. Father/Appellant contends that from August 22, 2011 until May 14, 2012 no court had jurisdiction to hear any custody proceeding and he was simply "a man without a land."(N.T. 1/2/2014, at p. 39).[1]

On or about January 21, 2014, after a full and fair hearing on the merits, the Honorable Linda A. Cartisano issued an Order denying Appellant's appeal *de novo* filed February 25, 2013, on his Petition to Vacate the Master's recommended Order dated October 18, 2011. A timely appeal was filed and Appellant raises the following issues for Appellate review:

---

[1] The Court: When Judge Morris signed the Order, August 22, 2011, relinquishing jurisdiction…who in your opinion had jurisdiction?

The Court: When Judge Morris signs a Court Order in South Carolina it becomes effective.

Mr. Springob: In South Carolina.

The Court: So who had jurisdiction, nobody?

Mr. Springob: I was a man without a land

(N.T. 1/2/2014, at pp. 38-39)

1. Whether the trial court erred as a matter of law and committed an abuse of discretion when in its June 17, 2011 Order, after failing to exercise emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), deemed the Emergency Petition for Custody filed by S.C. ("Mother") to be treated as a petition to modify and referred the matter to the Custody Master for resolution, when at that time the Family Court of Richland County, South Carolina had continuing and exclusive jurisdiction over the parties' custody matter pursuant to the UCCJEA?

2. Whether the trial court lacked subject matter jurisdiction to enter its June 17, 2011 Order directing that the Emergency Petition for Custody to be deemed a Petition to Modify Custody that resulted in the October 18, 2011 Temporary Custody Order, and as such the June 17, 2011 and the October 18, 2011 [Orders] should be vacated?

3. Whether, because it lacked subject matter jurisdiction over the parties' custody matter, the trial court erred as a matter of law and committed an abuse of discretion in denying Father's Petition to Vacate the October 18, 2011 custody order in its Order dated January 21, 2014, especially in light of the numerous contempt orders issued against Mother in South Carolina for attempting to circumvent South Carolina's continuing and exclusive jurisdiction for attempting to modify the South Carolina custody order in Pennsylvania?

4. Whether the trial court erred as a matter of law and committed an abuse of discretion in failing to find that the August 22, 2011 Order entered by the Family Court of Richland County, South Carolina relinquishing jurisdiction was ineffective in Delaware County, Pennsylvania until it was registered in the Court of Common Pleas of Delaware County as a foreign custody order on May 14, 2012?

5. Whether the trial court erred as a matter of law and committed an abuse of discretion when it failed to find that Mother and her counsel committed a fraud upon the court when they, on June 16, 2011, one day after being served with a Summons and Compliant for Custody in South Carolina, filed an Emergency Petition for Custody in Delaware County, Pennsylvania in which they purposely concealed the fact that the Family Court of Richland County, South Carolina was exercising continuing and exclusive jurisdiction of the parties' custody matter.

6. Whether the trial court erred as a matter of law and committed an abuse of discretion when it failed to admit Father's Exhibit P-21 on the basis that the entry was dated 2000, which, if anything, should have gone to the weight of the document and not its admissibility?

7. Whether the trial court erred as a matter of law and committed an abuse of discretion when it failed to admit Father's Exhibit P-20, which was referred to by the trial court as the incident report?

8. Whether the trial court erred as a matter of law and committed an abuse of discretion when it denied Father's *de novo* appeal from the Findings of Master Jane McNerney dated April 9, 2013?

9. Whether the trial court erred as a matter of law and committed an abuse of discretion when it failed to rule on Father's Petitions for Contempt that were litigated as part of the matters before the Court on January 2, 2014?

10. Whether the trial court erred as a matter of law and committed an abuse of discretion when it failed to acknowledge the Motion to Quash Order filed by Father in 2011 challenging the court's jurisdiction under the UCCJEA?

**Discussion**

Throughout Appellant's Statement of Matters Complained of on Appeal, Appellant contends that the Trial Court committed an error of law and or an "abuse of discretion." The Pennsylvania Superior Court has long held that an abuse of discretion by the trial court is not found lightly, but only "upon a showing of clear and convincing evidence." Busse v. Busse, 2007 Pa.Super. 100, 921 A.2d 1248 (2007), appeal denied, 594 Pa. 693, 934 A.2d 1275 (2007). Furthermore, a finding by an appellate court that it would have reached a different result than the trial court does not support a finding of an abuse of discretion. Jacobs v. Chatwani, 2007 Pa.Super. 102, 922 A.2d 950 (2007), appeal denied, 938 A.2d 1053 (Pennsylvania Supreme Court, 2007). An abuse of discretion occurs "only where the trial court has reached a conclusion that overrides or misapplies the law, or the judgment exercised is shown by the record to be wither manifestly unreasonable, or partiality, prejudice, bias, or ill will, or such lack of support so as to be clearly erroneous." Ball v. Bayard Pump & Tank Co., Inc., 67 A.3d 759 (Pa. 2013).

If the trial court erred in its application of the law, the Superior Court is empowered to correct that error. In re Hastings' Estate, 479 Pa. 122, 387 A.2d 865 (Pennsylvania Supreme Court, 1978).

**A. Delaware County, Pennsylvania had exclusive subject matter jurisdiction of the custody proceeding when Master McNerney heard Mother's Emergency Petition and entered a recommendation October 18, 2011**

Numbered paragraphs 1, 2, 3 and 4 of Appellant's Statement of Matters Complained of on Appeal all deal with whether or not the Delaware County Court of Common Pleas had subject matter jurisdiction at the time Master McNerney held a hearing on Mother's Emergency Petition and entered a recommendation on or about October 18, 2011. In assessing whether subject matter jurisdiction over custody proceedings lie in Pennsylvania, the Uniform Child Custody Jurisdiction and Enforcement must be considered. The UCCJEA specifies four statutory bases for a child custody determination. The UCCJEA provides, in pertinent that a court of the Commonwealth of Pennsylvania has jurisdiction to make an initial custody determination only if:

> A court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:
>
> (i) The child and the child's parents, or the child and at least one parent or a person acting as a parent have a significant connection with the Commonwealth other than mere physical presence; and
> (ii) Substantial evidence is available in this Commonwealth concerning the child's care, protection training and personal relationships;
>
> 23 Pa.C.S.A. § 5421(a)(2)(i)-(ii)

In the instant matter, Mother/Appellee and the minor children had resided in the Commonwealth of Pennsylvania for years exercising concurrent subject matter jurisdiction consistent with the South Carolina Order dated February 13, 2003 (hereafter "the South Carolina Order"). When South Carolina relinquished jurisdiction via Order dated August 22, 2011 and docketed on August 23, 2011, Delaware County, Pennsylvania was immediately vested with

exclusive subject matter jurisdiction consistent with the UCCJEA. 23 Pa.C.S.A. §5421(a)(2)(i)-(ii). Richland, South Carolina declined to exercise jurisdiction in August 2011, leaving only the Commonwealth of Pennsylvania as retaining subject matter jurisdiction.

South Carolina's relinquishment of jurisdiction became effective the date the Order was issued. Jackson v. Hendricks, 746 A.2d 574 (Pa. 2000) ("in some instances, oral orders, made on the record, need not be filed or entered on the docket in order to be valid"), Summers v. Kramer, 271 Pa. 189, 114 A. 525 (1921)(the entry of an order upon the index is merely evidence of the judgment). Further still, the South Carolina Order was docketed the next day affording notice to the parties and, still being prior to the October 2011 hearing before Master McNerney.

In the alternative, the UCCJEA confers subject matter jurisdiction on the Commonwealth of Pennsylvania independent of a transfer Order pursuant to 23 Pa.C.S.A. § 5421(a)(2)(i)-(ii), which requires only the home state to "decline to exercise jurisdiction" and an independent jurisdictional bases for the Commonwealth to assert. In spite of Appellant's assertion that he was stuck in "no man's land" after South Carolina entered their August 22, 2011 Order until it was registered in Delaware County, Pennsylvania on or about May 14, 2012, the transfer order of South Carolina need not first be docketed in the Commonwealth of Pennsylvania in order to confer subject matter jurisdiction

The UCCJEA is in place specifically to avoid situations where no state would have subject matter jurisdiction to hear a custody proceeding when a "home state" relinquishes jurisdiction. By default, the Commonwealth of Pennsylvania had immediately effective jurisdiction when South Carolina relinquished jurisdiction under the criteria specified by the

home state rule, the significant contacts rule, or the appropriate forum rule in the UCCJEA. 23 Pa.C.S. § 5421(a)(1)-(4).

It is the UCCJEA, which conferred subject matter jurisdiction on the Commonwealth of Pennsylvania following South Carolina's relinquishment of jurisdiction and not the transfer order itself. Therefore, even though the South Carolina transfer Order was not docketed in Delaware County, Pennsylvania until May 14, 2012, Pennsylvania had jurisdiction through the UCCJEA effective the date that South Carolina relinquished jurisdiction which was prior to the Master's October 2011 hearing date. Delaware County, Pennsylvania, therefore, had jurisdiction to enter the Master's Recommendations dated October 18, 2011 as an Order of Court on October 20, 2011.

**B. The Trial Court did not commit an "abuse of discretion" or "error of law" by failing to find that Appellee had committed a fraud upon the court when failing to include a paragraph or provision in Mother's Emergency Custody Petition concerning an active custody action in Richland, Pennsylvania.**

Mother did file an emergency petition the day after being served a complaint in custody from Richland County, South Carolina, however, such is not enough, in and of itself, to establish any sort of fraud upon the court. Furthermore, although nothing in Mother's Emergency Petition for Custody referenced a potential jurisdictional issue, the Trial Court is vested pursuant to 23 Pa.C.S.A. §54254(a) with emergency jurisdiction, "a court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment of abuse." Therefore, any pending custodial proceedings in a different state is not necessarily germane to the determination of an emergency petition and the Trial Court found that it was not fraudulent to

fail to include a paragraph in the emergency petition relating to the entire tortured procedural history of the case.

Appellant likewise admits that he failed to respond to Mother's Emergency Petition when he had an equal opportunity to apprise the Trial Court of any jurisdictional issues that he believed existed. (N.T. 1/2/2014, at pp. 6, 20). Counsel for Appellee stated during the course of the hearing that she was relying on the custody orders already in place in Delaware County, Pennsylvania and did not intentionally omit a provision in Mother's Emergency Petition in order to purposefully mislead the Trial Court. (N.T. 1/2/2014, at p. 109). In fact, the Trial Court was aware of a potential jurisdictional issue which is why the Master's hearing was continued until Delaware County, Pennsylvania and Richland County, Pennsylvania conferred on the issue of jurisdiction.

A court has a fundamental and inherent right to vacate an order or decree when obtained by fraud. <u>In re Macoluso's Naturalization</u>, 237 Pa. 132, 85 A. 149, <u>Cochran v. Eldridge</u>, 49 Pa. 365, <u>Sallada v. Mock</u>, 277 Pa. 285, 121 A. 54; however, Appellant's contentions of fraud on the court were credibly rebutted by counsel for Appellee that there was no intent to mislead the court by its mere failure to include an allegation in the body of Mother's Emergency Petition concerning a parallel custody case in Richland County, South Carolina. Furthermore, this Court was not mislead by this inadvertency as Richland County, South Carolina and Delaware County, Pennsylvania conferred on the issue of jurisdiction before any substantive custody proceedings were undertaken. Contrary to Appellant's contention, Appellee did not "purposefully conceal" the jurisdictional issue, which was a matter of record apparent from prior custody proceedings. Therefore, the Trial Court did not err in finding that neither Mother nor counsel for Mother committed a fraud upon the court.

### C. The Trial Court did not Err as a Matter of Law nor Commit and Abuse of Discretion when Declining to Admit Appellant's Exhibit P-20 and P-21 into Evidence.

Appellant next contends that the Trial Court erred as a matter of law and committed an abuse of discretion when the Trial Court declined to enter into evidence two exhibits: (1) an unsigned incident report from South Carolina dated April 24, 2011(P-20); and (2) a private journal entry of Appellee dated February 16, 2000 (P-21). Both of these documents were objected to on the record and the Trial Court appropriately sustained the objections as to hearsay and relevancy respectively.

#### a. The Unsigned Incident Report is Hearsay and was Properly Excluded

Hearsay is a statement: "(1) that the declarant does not make while testifying at the current trial, and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801. Accordingly, because the Incident Report (P-21) is hearsay within the meaning of the Pennsylvania Rules of Evidence, it is properly excluded unless an exception to the hearsay rule applies. Although there are numerous exceptions to the hearsay doctrine, Appellant fails to specifically elucidate either at the time of trial or in his Statements of Matters Complained of on Appeal any hearsay exception believed to be applicable and which would permit the introduction of the Incident Report into evidence.

Exceptions to the hearsay doctrine are carved out because there are special indicia of trustworthiness and reliability in the documents called into question. Com. v. Hanawalt, 419 Pa.Super. 411, 615 A.2d 432. In the instant matter, however, the Incident Report was unsigned and contained very little information with respect to the author of the Report[2] calling into question its authenticity. (N.T. 1/2/2014 at p. 67). Pennsylvania Rule of Evidence 803(6) and

[2] Ms. Repetto: It doesn't have a signature; doesn't have a police department letterhead. It just says incident report.

803(8)-1 dealing with the "Records of a Regularly Conducted Activity" and "Public Records and Reports" respectively likewise do not apply to the Report in question for this reason. Pennsylvania Rule of Evidence 803(6)(E) specifies that "neither the source of information nor other circumstances indicate a lack of trustworthiness" in order for the record to be properly admitted. The Public Records and Reports Exception to the hearsay doctrine similarly requires authentication. Pa.R.E. 803(8)-1(a). In the instant matter, Appellant did not call any witness to authenticate the report.

As counsel has not provided the Trial Court with a reason P-20 is not hearsay and an analysis of the potentially applicable hearsay exceptions are inapplicable due to questions surrounding authenticity, the Trial Court property excluded the Incident Report.

**b. A Private Journal Entry Authored Eleven Years Earlier was Too Far Removed in Time to be Considered Relevant and was Properly Excluded.**

During the course of the January 2, 2014 hearing, Appellant attempted to introduce into evidence a journal entry authored by Appellee eleven years earlier whereby she remorsefully recounts how she lies and needs to "cut out this cancerous growth." In order for evidence to be admissible it must be relevant. P.R.E. 402. The Pennsylvania Supreme Court in Com. v. Stewart, 461 Pa. 247, 336 A.2d 282 (1975) has described a two part analysis for purposes of determining relevancy:

> It must be determined first if the inherence sought be raised by the evidence bears upon a matter in issue in the case and, second, whether the evidence "renders the desired inference more probable than it would be without the evidence." (quoting McCormick, Evidence § 185 (2d ed. 1972)).

The Pennsylvania Superior Court has explained that in some cases, "evidence is irrelevant because the proponent fails to connect it to the time of the critical events." Stotz v. Shields, 696 A.2d 806 (Pa. Super. 1997). In the instant matter, Appellant attempted to

introduce an eleven year old document, indeed a page from a personal journal of Appellee from 2000, for the proposition that because Appellee stated in her journal that she lied that she must be lying to the court in her Emergency Petition in 2011. There is no causal link between something so removed in time to Appellee's Petition over a decade later that would warrant a finding of relevancy. Therefore, the Trial Court appropriately declined to admit P-21 into evidence.

**D. The Trial Court did not Err as a Matter of Law When Denying an Appeal from the Master's Findings dated April 9, 2013.**

On or about February 25, 2013, Appellant filed a "Petition to Vacate the Master's Order dated October 18, 2011" (hereafter "the Petition to Vacate"). The matter was placed before Master Jane McNerney who recognized that a Master could not vacate a Trial Judge's Order and recommended that the Petition to Vacate on April 9, 2013 be denied issuing the following findings of fact:

> The matter before me today was a Petition to vacate my Order of October 18, 2011 at which hearing Father [Appellant] was not present in Court. The Order indicated that Father was to have no visitation until he filed a petition in PA.
>
> 1. This Order was signed by a Judge several days later and was never appealed. Therefore, as a Master, I do not believe that I can vacate what is now a Judge's Order.
> 2. Assuming arguendo, that I do have the ability to vacate what is now a Judge's Order – there was an Order signed on August 22, 2011 by Judge Dana in South Carolina which relinquished jurisdiction of this matter to the Commonwealth of PA. That being said, this Matter did have jurisdiction.

An appeal *de novo* was filed on April 17, 2013 from the Masters findings dated April 9, 2013. Appellant's Petition to Vacate was then properly before the Trial Court for disposition on January 2, 2014. Appellant had a full and fair *de novo* hearing on January 2, 2014, on his Petition to Vacate. The basis of Appellant's Petition to Vacate was that the Master lacked

jurisdiction when she entered her Order on October 18, 2011. The Trial Court denied Appellant's *de novo* appeal for the reasons set forth in paragraph A of this Opinion.

The Trial Court, therefore, did not err as a matter of law when denying Appellant's request for a hearing *de novo* on the Petition to Vacate after the Trial Court had afforded Appellant the opportunity to present his Petition to Vacate directly to the Trial Court on January 2, 2014.

**E. The Trial Court did not Err as a Matter of Law nor Commit an Abuse of Discretion When it did not Rule on Father's Petition for Contempt that were litigated on January 2, 2014**

Although the Trial Court contends that these are not appealable items, the Trial Court prior to entry of this Opinion issued Orders on Appellant's contempt petitions heard on January 2, 2014.

**F. The Trial Court did not Err as a Matter of Law nor Commit an Abuse of Discretion When it "failed to acknowledge the Motion to Quash Order filed by Father in 2011 challenging the court's jurisdiction under the UCCJEA."**

In accordance with the Pennsylvania Rules of Appellate Procedures, issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P., Rule 302. During the January 2, 2014 hearing, no testimony, exhibits or pleadings regarding a Motion to Quash Order were placed before the Trial Court. Furthermore, although the Trial Court reviewed the record it was unable to identify nor locate what Appellant identifies as the "2011 Motion to Quash Order." Appellant fails to identify the date of the Order, nor provide information with respect to which state Trial Court originally entered the Order. Finally, Appellant does not indicate what actions or inactions the Trial Court specifically undertook or failed to undertake when it "failed to acknowledge" this 2011 Order. The Pennsylvania Code

requires the Statement of Matters Complained of on appeal to "concisely identify each ruling or errors that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." 210 Pa.Code § 1925(4)(ii).

In the instant matter, Appellant failed to properly place any perceived errors relative to a 2011 Motion to Quash Order before the Trial Court through pleadings, the introduction of evidence or testimony at the January 2, 2014 hearing. Furthermore, Appellant's Statement of Matters Complained of on Appeal fail to provide sufficient detail that would allow the Trial Court to conduct any meaningful analysis. This issue was therefore waived by Appellant at trial.

**Conclusion**

The Trial Court held a de novo hearing on January 2, 2014 and entered an Order dated January 21, 2014, which denied Appellant's Petition to Vacate the October 18, 2011 Custody Order. For the foregoing reasons, Appellant's Appeal should be dismissed.

BY THE COURT:

FILED JM
2014 MAR 26 AM 10: 24
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

LINDA A. CARTISANO, J.