J-A19022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| B.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.S.P. | |
| Appellant | No. 1743 WDA 2014 |

Appeal from the Order Entered September 23, 2014
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2014-1197-CD

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                         **FILED JULY 21, 2015**

B.A. ("Father") and A.S.P. ("Mother") are involved in a bitter custody dispute concerning their young child, B.A.A. ("Child").  The litigation chiefly is in North Carolina, although litigation has twice spilled over into Pennsylvania.

This appeal involves the second proceeding in Pennsylvania.  Father filed petitions in the Court of Common Pleas of Clearfield County requesting registration and enforcement of an emergency custody order and an interim custody order issued by Alamance County Court in North Carolina ("North Carolina court").  The Clearfield County court scheduled a hearing, but Father withdrew all requests for relief.  Mother thereupon petitioned the Clearfield County court to proceed with the hearing for the purpose of

1

sanctioning Father. The Clearfield County court dismissed Mother's petition, and Mother appealed to this Court. We affirm.

The record reflects that Child was born in North Carolina in 2008. In 2009, following the termination of Mother's and Father's relationship, Mother moved to Pennsylvania with Child. Father commenced custody proceedings in North Carolina court. On August 23, 2011, the North Carolina court entered an order awarding primary physical custody/placement of B.A.A. to Mother subject to Father's periods of partial custody. On June 19, 2012, Mother filed a motion in the North Carolina court to transfer jurisdiction of the custody case to Pennsylvania. On March 20, 2013, the North Carolina court denied Mother's motion and retained exclusive jurisdiction over the child custody case.

On January 17, 2014, Mother filed Protection from Abuse ("PFA") and emergency custody petitions in Clearfield County alleging that Father physically, mentally and emotionally abused Child. Mother requested an emergency order suspending Father's periods of partial custody pending final disposition of the emergency petition. The Clearfield County court granted Mother's petitions and entered an interim custody order in Mother's favor assuming temporary emergency jurisdiction in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").[1] This interim

_____

[1] 23 Pa.C.S. § 5401 *et seq*.

order suspended Father's periods of partial custody pending a hearing in Clearfield County.

On January 31, 2014, Mother filed a motion to transfer jurisdiction to Pennsylvania, relying heavily on the allegations in her PFA and emergency custody petitions.

On February 3, 2014, counsel for the parties agreed that jurisdiction rested properly in North Carolina with respect to the transfer motion, and the Clearfield County court found the same with respect to Mother's PFA and emergency custody petitions. The court entered orders transferring all matters to North Carolina for hearings.

The North Carolina court scheduled trial on Mother's PFA and emergency custody petitions for March 4, 2014 and ordered Mother to appear in court with Child on that date. On March 4, 2014, Mother's attorney appeared in North Carolina court, but Mother and Child failed to appear. On the same date, the North Carolina court conducted a hearing relating to Mother's PFA and emergency custody petitions. Mother presented no evidence in support of her PFA and emergency custody petition. Ultimately, following numerous recorded telephonic conferences between the North Carolina and Clearfield County courts, which included testimony from witnesses with counsel for both parties present to conduct direct and cross examination, Mother withdrew both of her emergency petitions.

On April 3, 2014, following a hearing, the North Carolina court denied Mother's motion to transfer jurisdiction to Pennsylvania. Mother appealed to the North Carolina Court of Appeals, which denied her appeal.

On July 29, 2014, the North Carolina court held a hearing on all pending matters in the custody case and determined that Mother's allegations against Father were "fabricated, and appeared to have been falsely made for the express purpose of suspending Father's visitation … [which] have greatly prejudiced the father causing great expense and burden." The North Carolina court found that "these abuse allegations are false … they did not happen and were made up." The North Carolina court found that these allegations were not in Child's best interest, because they kept him away from Father for an extended period of time, and Mother's conduct in fabricating these allegations was detrimental to Child. On August 1, 2014, the North Carolina court issued emergency and interim custody orders granting primary custody to Father and ordering Mother to relinquish Child to Father.[2]

On August 8, 2014, Father commenced the proceeding presently on appeal by petitioning the Clearfield County court for registration of the emergency and interim custody orders under the UCCJEA. On the same

_____

[2] Ultimately, on September 26, 2014, the North Carolina court entered a final order awarding Father primary physical custody of Child and ordering Mother to undergo psychiatric evaluation due to her misconduct.

date, the Clearfield County court entered an order directing the Clearfield County prothonotary to register the emergency and interim custody orders.

On August 12, 2014, Mother cross-petitioned the Clearfield County court for a hearing on Father's petition to register the orders. The Clearfield County court issued a rule upon Father to show cause why Mother's petition for a hearing should not be granted. On August 15, 2014, Mother filed a second cross-petition for reconsideration and stay of registration of the emergency and interim custody orders. The Clearfield County court granted Mother's petition for a stay.

On August 22, 2014, Father filed a second petition in Clearfield County for registration of the emergency and interim custody orders. On August 28, 2014, Father filed a petition for expedited enforcement of foreign child custody orders under the UCCJEA. Later that day, however, Father withdrew all petitions for relief, because he had found Child[3] and taken Child back to North Carolina.

On September 2, 2014, Mother filed a petition to reinstate the hearing on Father's registration of the North Carolina emergency and interim custody orders. Mother alleged that Father violated the UCCJEA by "absconding" with Child to North Carolina and asked the Clearfield County court to impose

_____

[3] According to Father, Child's paternal grandmother helped him locate Child in Pennsylvania despite Mother's attempt to hide Child's whereabouts.

sanctions on Father. On September 23, 2014, the Clearfield County court entered an order dismissing Mother's petitions for lack of jurisdiction.

Mother filed a timely notice of appeal from the September 23, 2014 order, and both Mother and the Clearfield County court have complied with Pa.R.A.P. 1925.

Mother raises two issues in this appeal:

> 1. Whether the trial court erred by enforcing an out-of-state custody order without placing a stay on the enforcement of the order until such time as a hearing could be held to determine the validity of the order.
>
> 2. Whether the trial court erred by not holding [Father] responsible for removing the minor child from the Commonwealth of Pennsylvania using an out of state custody order as authority.

Brief For Appellant, p. 4.

The UCCJEA "was promulgated by the National Conference of Commissioners on Uniform State Laws in 1997 and became effective in Pennsylvania in 2004. The UCCJEA replaced the Uniform Child Custody Jurisdiction Act ('UCCJA') as a way to rectify inconsistent case law and revise custody jurisdiction in light of federal enactments." **B.J.D. v. D.L.C.**, 19 A.3d 1081, 1082 (Pa.Super.2011).

The record demonstrates that North Carolina is the main forum for this child custody dispute, and there have only been two brief episodes of litigation in Pennsylvania. In the first episode, Mother filed PFA and emergency custody petitions in Clearfield County accusing Father of child

abuse, accusations she later withdrew in North Carolina. The second episode, which underlies the present appeal, began when Father filed petitions in Clearfield County requesting registration of interim and emergency custody orders entered in North Carolina and seeking their expedited enforcement. Mother countered with petitions opposing registration of the North Carolina interim and emergency orders and seeking a stay. The Clearfield County court stayed registration of the North Carolina orders and scheduled a hearing, but Father withdrew his petitions upon finding Child and taking Child back to North Carolina. Mother then filed a petition requesting that the Clearfield County court reinstate the hearing to sanction Father for taking Child back to North Carolina. The Clearfield County court denied Mother's petition.

Mother's first argument in this appeal is that the Clearfield County court "erred by enforcing an out-of-state custody order without placing a stay on the enforcement of the order until such time as a hearing could be held to determine the validity of the order." We disagree. The Clearfield County court indeed stayed enforcement of the North Carolina orders upon receipt of Mother's petition for reconsideration and stay of Father's petition for registration. The entire matter, including the stay, became moot when Father withdrew his petitions to register and enforce the North Carolina orders. *In Re S.H.*, 71 A.3d 973, 976 (Pa.Super.2013) ("if events occur to

eliminate [a] claim or controversy at any stage in the process, the case becomes moot").

Mother's second argument is that the Clearfield County court erred by not sanctioning Father for removing Child from Pennsylvania on the basis of the North Carolina orders. The Clearfield County court properly declined jurisdiction over this issue. A court's decision to exercise or decline jurisdiction under the UCCJEA is subject to an abuse of discretion standard of review. *Wagner v. Wagner*, 887 A.2d 282, 285 (Pa.Super.2005). One of the UCCJEA's guiding principles is that the court that makes an initial custody determination retains exclusive, continuing jurisdiction over the dispute.[4] *B.J.D.*, 19 A.3d at 1083. Here, in 2011, the North Carolina court made the initial custody determination granting primary custody to Mother. In August 2014, however, the North Carolina court entered interim and emergency orders transferring primary custody to Father. The North Carolina court, not the Clearfield County court, had exclusive jurisdiction

_____

[4] This principle is subject to various exceptions. For example, under Pennsylvania's version of the UCCJEA, the court that makes the initial custody determination loses jurisdiction when "(1) neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or (2) a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth." 23 Pa.C.S. § 5422(a). North Carolina's version of the UCCJEA includes a provision identical in substance. *See* N.C.G.S. § 50A-202.

under the UCCJEA to decide whether Father had the right to remove Child from Pennsylvania on the basis of the North Carolina court's interim and emergency orders. Had the Clearfield County court granted Mother's entreaty to hold a hearing and sanction Father, it would have infringed the North Carolina court's jurisdiction over this child custody dispute.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015