J-S40001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NOAH JASLOW | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAIRE LOUISE TIMINS | : | No. 1899 EDA 2022 |

Appeal from the Order Entered July 18, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-00422

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 24, 2023**

Noah Jaslow ("Father") appeals from the order issued July 18, 2022, denying cross petitions for contempt of a custody order filed by Father and Claire Louise Timins ("Mother"). In addition to denying the contempt petitions, the court *sua sponte* transferred the custody action to Ocean County, New Jersey. On appeal, Father claims that (1) the trial court erred by *sua sponte* relinquishing jurisdiction of this custody case to New Jersey despite Father and the children having a significant connection to Pennsylvania; (2) the trial court erred by not performing a *forum non conveniens* analysis and ignoring the parties' prior forum selection clause; and (3) the trial court erred by issuing an unclear order as to the disposition of the contempt petitions. Mother has not filed a brief on appeal. We agree with Father's first two claims

and hereby vacate and remand respectively. We disagree with Father's last claim and therefore affirm.

Mother and Father were in a relationship for ten years but never married. They are the natural parents of two children, one born in 2008 and the other in 2011. Mother moved out of Father's residence in Montgomery County at the end of 2012. Mother and Father filed cross-complaints for custody of their children in the Montgomery County Court of Common Pleas.

Protracted custody litigation ensued, resulting in a September 8, 2016 custody order that provided for joint legal and physical custody of the children. At the time, both parents still lived in Montgomery County. The custody order directed that jurisdiction would remain in Montgomery County.

In 2021, the trial court granted, over Father's objections, Mother's request to move to Ocean County, New Jersey. The modified custody order provided for all custodial exchanges to occur at the Plymouth Meeting, Pennsylvania Whole Foods location, "or other Whole Foods location close to Father's residence, as chosen by Father." Amended Custody Order, 7/21/2021, at ¶ 4.f. The order further provided that Mother and Father "have agreed that venue and jurisdiction of this matter exists and shall remain in Montgomery County, Pennsylvania, until the youngest of the Children reaches the age of eighteen (18)." *Id.*, at ¶ 2. Father was awarded partial physical custody of the children "on alternate weekends from Friday at 7:00 p.m. until Sunday at 7:00 p.m." *Id.*, at ¶ 4.b.

In January 2022, Mother filed a petition seeking to have the court find Father in contempt of the custody order after he moved to another location in Montgomery County. Mother alleged that Father's move significantly impaired her custody rights because Father now requested that custody exchanges take place at either the Whole Foods in Allentown or at a WaWa in Quakertown. According to Mother, these locations nearly doubled the time required to transport the children to the exchange.

Father filed an answer and counter-petition for contempt. While admitting he had moved, he denied that his move significantly impacted Mother's custodial rights, as the WaWa location only added 19 minutes to Mother's trip. Among other allegations not relevant here, Father alleged that Mother's refusal to use the alternate exchange locations he selected constituted willful disobedience of the custody order and requested that Mother be found in contempt.

On July 18, 2022, the trial court entered the order under appeal, denying both parties' petitions for contempt. The order also directed the parties "to file any future custody modification petitions in Ocean County, New Jersey …" Neither party requested a transfer. Father filed this timely appeal.

On appeal, Father first claims the trial court erred by *sua sponte* transferring jurisdiction of this custody case to New Jersey. Normally, a trial court's decision to exercise or decline jurisdiction "will not be disturbed absent an abuse of that discretion." ***J.K. v. W.L.K.***, 102 A.3d 511, 513 (Pa Super.

2014)(citations omitted).[1] However, the trial court here concluded it did not have jurisdiction pursuant to section 5422 of the Uniform Child Custody Jurisdiction and Enforcement Act (the "UCCJEA"). *See* Trial Court Opinion, 8/22/2022, at 8-9. "[A] section 5422 determination does not involve a trial court's decision regarding whether to exercise jurisdiction that has been established. Rather, a section 5422 determination implicates the subject matter jurisdiction of the trial court." *S.K.C. v. J.L.C.*, 94 A.3d 402, 408 (Pa. Super. 2014). Therefore, our proper standard of review here is *de novo* and our scope of review is plenary. *See id.*

Section 5422 of the UCCJEA, as adopted in Pennsylvania, sets forth the following test to determine whether a trial court retains "exclusive, continuing jurisdiction" over its initial child custody order:

> (a) General rule.--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:
>
> > (1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no

---

[1] We note that the trial court's order does not simply refuse to exercise jurisdiction. Instead, it transferred jurisdiction to New Jersey. If the court did not have exclusive, continuing jurisdiction over this custody dispute, it did not have jurisdiction to direct the parties to pursue their custody action in New Jersey. *See B.J.D. v. D.L.C.*, 19 A.3d 1081, 1083-84 (Pa. Super. 2011). Given our resolution of this appeal, we need not reach this issue.

longer available in this Commonwealth concerning the child's care, protection, training and personal relationships[.]

23 Pa. C.S.A. § 5422.

Under Section 5422, a Pennsylvania court that made the initial custody determination has exclusive, continuing jurisdiction until both a significant connection to Pennsylvania and substantial evidence are lacking:

Under the plain meaning of section 5422(a)(1), a court that makes an initial custody determination retains exclusive, continuing jurisdiction until neither the child nor the child and one parent or a person acting as a parent have a significant connection with Pennsylvania and substantial evidence concerning the child's care, protection, training, and personal relationships is no longer available here. The use of the term "and" requires that exclusive jurisdiction continues in Pennsylvania until both a significant connection to Pennsylvania and the requisite substantial evidence are lacking. In other words, Pennsylvania will retain jurisdiction as long as a significant connection with Pennsylvania exists *or* substantial evidence is present.

*Rennie v. Rosenthol*, 995 A.2d 1217, 1220-1221 (Pa. Super. 2010) (emphasis in original; footnotes omitted). For purposes of 5422, a significant connection with the Commonwealth means "an important or meaningful relationship to the Commonwealth" which is determined by the "nature and quality of the child's contacts with the parent living in the Commonwealth." *Id.* at 1221-1222. This determination must be "based upon the factual circumstances as they existed at the time the petition is filed." *S.K.C. v. J.L.C.*, 94 A.3d 402, 412 (Pa. Super. 2014).

We begin our review by noting that the underlying contempt proceedings addressed only the parties' disparate interpretations of the custody order's requirements for the location of exchange of custody. As such, the court did not hear evidence regarding the children's connection to Pennsylvania. *See* Trial Court Opinion, 8/22/2022, at 7-8. Instead, the court focused exclusively on the fact that Mother exercised her primary physical custody of the children in New Jersey. *See id.* at 10. As a result, the court did not perform any assessment of the nature and quality of the children's contacts with the parent living in the Commonwealth as of the date of Mother's petition for contempt. The record before us is woefully inadequate to support any conclusion whatsoever on the nature and quality of the children's contacts with Pennsylvania. And since neither party was notified that a transfer of jurisdiction under section 5422 was at issue, we cannot conclude that any party bore the burden of presenting evidence on this issue. Accordingly, the court's *sua sponte* transfer of jurisdiction constitutes an error of law and must be vacated.

In his second issue, Father claims that the trial court erred by transferring the venue of this case to New Jersey. Here, the trial court denies it transferred venue because it believes it did not have jurisdiction under section 5422. *See* Trial Court Opinion, 8/22/2022, at 11. We therefore conclude this issue is moot, as the court denied any intent to transfer venue or finding that Montgomery County is an inconvenient forum.

Lastly, Father claims the trial court erred by issuing an unclear order as to the disposition of the contempt petitions. We disagree. The order denies both contempt petitions, but directed that "[t]he parties are to comply with Paragraph 4(f) of [the] July 21, 2021 Amended Custody Order of the Honorable Melissa S. Sterling regarding custody exchanges of the minor children." Court Order, 7/18/22. Paragraph 4(f) of the July 21, 2021 amended custody order requires that "[a]ll custodial exchanges shall take place at the Plymouth Meeting, PA Whole Foods location or other Whole Foods location close to Father's residence, as chosen by Father."

Father contends that, logically, the court was required to resolve the parties' dispute over whether the amended custody order required Mother to drive to the Allentown Whole Foods or Quakertown WaWa at Father's request. Our review of the record reveals that the court addressed this issue by directing the parties to comply with paragraph 4(f) of the custody order. This direction indicates that Mother was wrong in claiming she could reject Father's choice of a Whole Foods location closer to his residence. Importantly, it also rejected Father's argument that he could force Mother to drive to the Quakertown WaWa for the custody exchange.

Further, Father's argument goes too far in assuming the trial court was required to find one party or the other in contempt. To the contrary, the trial court was entitled to deny Father's contempt petition, even in the face of a finding that Mother had violated the amended custody order, if it also found

that Mother had not acted with wrongful intent. ***See Epstein v. Saul Ewing LLP***, 7 A.3d 303, 318 (Pa. Super. 2010).

To summarize, we conclude the trial court erred in ordering this custody matter be transferred to Ocean County, New Jersey. We therefore vacate that part of the July 18, 2022 order. In contrast, we find no merit in Father's claim that the order is too vague, and therefore affirm the rest of the order.

Order is vacated in part, remanded in part, and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2023